Jones, J.
As to the fine, admitting that the use results, yet this does not make for the plaintiff. For then the case is this: Tenant in tail levies a fine to his use, and gets the conusee who has nothing in the land, to suffer a common recovery, in which the tenant in tail is vouched, he being now tenant in fee, it is a recovery against the issue, for by the fine the tail was barred, and by the recovery he could not fail to say quod partes finis nibil habuerint. The law favours reservations; it has been so adjudged 27 Eliz. *Administrator of a term of 40 years makes a lease for 20 years, rendering rent, and dies intestate; the second administrator shall have the rent.
[Which was denied and marvelled at.]
Jones, J. Yes, faith, it was so adjudged. This case was also adjudged: Tenant in fee made a fraudulent conveyance, and afterwards a lease for years rendering rent. *268 Now this, notwithstanding the reservation, is good, and
the lessee was held to pay it.

Quod Doderidge, J. concessit.

Jones, J. If one devises land to one for years, rendering rent, and devises the reservation, is this well?
Doderidge, J.
It is.
Jones, J. It has been so adjudged: yet there is no privity between the lessee and him in the reversion, in these cases.
Doderidge, J. It is an infallible and an undeniable ground, that rent cannot be reserved to a stranger. Therefore in Cofield’s case, reservation to him who shall have the reversion is void.
And the Justices took time to advise. Palm. 481. Bendl. 182. 2 Cr. 288. Noy 109. Godb. 146.